**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **AMCO INSURANCE COMPANY** | ) | |
| as Subrogee of STAR HOTELS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 2:09cv381 |
| | ) | **Electronic Filing** |
| **EMERY & ASSOCIATES, INC.,** | ) | |
| **PREMIER HOSPITALITY GROUP -** | ) | |
| **KITTANNING, L.P., GENERAL** | ) | |
| **HOSPITALITY, INC., KRATSA** | ) | |
| **CORPORATION,** | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER OF COURT**

March 17, 2010

I.   **INTRODUCTION**

Plaintiff, AMCO Insurance Company as Subrogee of Star Hotels, Inc. ("AMCO" or

"Plaintiff") filed this action pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §

2201 *et seq.*, seeking a determination of the applicability of the Pennsylvania Statute of Repose,

42 PA. CONS. STAT. ANN. § 5536, to an action for damages subsequently filed in this Court at

Case No. 02:09cv904. Defendants, Emery & Associates, Inc. ("Emery"), Premier Hospitality

Group-Kittanning L.P. ("Premier"), General Hospitality Inc. ("General Hospitality")and Kratsa

Corporation ("Kratsa")(collectively "Defendants"), have filed Motions to Dismiss contending

that the complaint seeks a judicial declaration which would ultimately amount to an advisory

opinion, and therefore, does not meet the case and controversy requirement under Article III of

the United States Constitution. AMCO has responded and the motion is now before the Court.

II.   **STATEMENT OF THE CASE**

In or about 1994, Premier, General Hospitality and Kratsa hired Emery to act as general

contractor for the construction of a hotel in Armstrong County, Pennsylvania.  Complaint ¶¶ 9

& 10.  Construction of the hotel was completed in December of 1995, and in January of 2001,

Premier, General Hospitality and Kratsa sold the hotel to Star Hotels, who thereafter operated the hotel as a Comfort Inn. Complaint ¶¶ 10 & 11.  On or about December 13, 2008, a fire occurred in the hotel causing damages alleged to be in excess of $2 million. Complaint ¶ 12.

AMCO alleges that the fire was caused, and allowed to develop, grow and spread, as a result of deficiencies in the design, planning, supervision and construction of the hotel. Complaint ¶ 13.  This action was filed because AMCO expected Defendants to assert the statute of repose as a defense to any action by AMCO for monetary damages[1]. Complaint ¶ 14.

AMCO contends that the statute of repose is inapplicable because, in the construction the hotel, the Defendants engaged in acts or omissions that were not lawful.  AMCO seeks a declaration that the language of the statute explicitly limits its applicability to those persons who lawfully undertake the design and construction of an improvement to real property, and certain lapses in the construction of the hotel were contrary to the Pennsylvania Code.

III.  **LEGAL STANDARD FOR MOTION TO DISMISS**

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the allegations contained in the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). In analyzing a motion under Rule 12(b)(6), a court must determine whether the allegations contained in the complaint, construed in the light most favorable to the plaintiff, suggest the required elements of a particular legal theory. *Bell Atlantic v. Twombly*, 550 U.S. 544 555-556 (2007); *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).

The Third Circuit divided Rule 12(b)(1) motions into two categories: facial and factual. *Mortensen v. First Federal Savings & Loan Ass'n*, 549 F.2d 884, 891. A facial attack on jurisdiction is directed to the sufficiency of the pleading as a basis for subject matter jurisdiction. "In reviewing a facial attack, the court must only consider the allegations of the

---

[1]    AMCO filed a Complaint on July 10, 2009, alleging negligence per se, negligence, breach of contract, and breach of warranty against these Defendants.  Defendants have answered and asserted the statute of repose as an affirmative defense.

complaint and documents referenced therein and attached thereto in the light most favorable to

the plaintiff." *Gould Electronics Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). Thus,

a facial challenge offers to the plaintiff similar safeguards to those related to Rule 12(b)(6)

motions. *Med. Soc'y of N.J. v. Herr*, 191 F. Supp. 2d 574, 578 (D. N.J. 2002). The Defendants'

12(b)(1) motion presents a facial attack on Plaintiff's amended complaint.


**IV.   DISCUSSION**

The Declaratory Judgment Act (the "Act"), in relevant part, provides that:

> in a case of **actual controversy** within its jurisdiction, . . . any
> court of the United States, upon the filing of an appropriate
> pleading, **may declare** the rights and other legal relations of any
> interested party seeking such declaration, whether or not further
> relief is or could be sought. Any such declaration shall have the
> force and effect of a final judgment or decree and shall be
> reviewable as such.

28 U.S.C. § 2201(a)(Emphasis added). Aside from the express requirement that an "actual

controversy[2]" must exist before this Court can exercise jurisdiction, the Act does not mandate

that federal district courts exercise jurisdiction over every declaratory judgment action. *See*

*State Auto. Ins. Companies v. Summy*, 234 F.3d 131, 133 (3d Cir. 2000). In *Brillhart v. Excess*

*Ins. Co. of America*, 316 U.S. 491 (1942), the Supreme Court found that "although the District

Court had jurisdiction of the suit under the Federal Declaratory Judgments Act . . . it was under

no compulsion to exercise that jurisdiction." *Brillhart v. Excess Ins. Co. of America*, 316 U.S.

at 494.

Further, in *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995), the Supreme Court

reaffirmed *Brillhart's* standard of broad discretion of the district court stating, "in the

declaratory judgment context, the normal principle that federal courts should adjudicate claims

within their jurisdiction yields to considerations of practicality and wise judicial

---

[2]   The "actual controversy" requirement of the Declaratory Judgment Act is rooted in
Article III of the Constitution, which provides for federal jurisdiction over only "cases and
controversies." *Sandisk Corp. v. STMicroelectronics, Inc.*, 480 F.3d 1372, 1378 (Fed. Cir. 2007).

administration." *Wilton v. Seven Falls Co.*, 515 U.S. at 288.  Since its inception, "[the Act] has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Id.* at 286.  Moreover, the Supreme Court has referred to the Act as "an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." *Id.* at 287; *see also State Auto. Ins. Companies v. Summy*, 234 F.3d at 136.  Therefore, district courts possess discretion in determining whether to entertain a declaratory judgment action, even when the suit otherwise satisfies the prerequisites for subject matter jurisdiction. *See Munich Welding, Inc. v. Great Am. Ins.*, 415 F. Supp. 2d 571, 575 (W.D. Pa. 2006).

In *United States v. Commonwealth of Pennsylvania, Department of Environmental Resources*, 923 F.2d 1071 (3d Cir. 1991), the Third Circuit applied a limiting factor from *Brillhart* to draw a distinction between declaratory judgment actions that district courts should entertain, and those in which jurisdiction ought to be declined. *Id.* at 1075.  It concluded that the district court did not have open-ended discretion to decline jurisdiction over a declaratory judgment action when the issues included: (a) federal statutory interpretation; (b) the government's choice of a federal forum; (c) an issue of sovereign immunity; or, (d) inadequacy of the state proceeding. *Id.* at 1076-1079.  None of these elements exist in this instance.

A federal court should also decline to exercise its discretionary jurisdiction when doing so would promote judicial economy by avoiding duplicative and piecemeal litigation.  *State Auto Ins. Cos. v. Summy*, 234 F.3d at 135, *citing Mitcheson v. Harris*, 955 F.2d 235, 239 (4th Cir. 1992).  In this instance, AMCO has filed a Complaint against these Defendants seeking monetary damages.  The Defendants have asserted Pennsylvania's Statute of Repose as an affirmative defense in the action, therefore, this Court will have to decide the very issue on which AMCO seeks as a declaration in the instant case.

As a practical matter, and to avoid duplicative and piecemeal litigation, the applicability of the statute of repose is best decided, after proper discovery, in AMCO's action for monetary damages. Moreover, "[a]ny judgment in this action . . . would not resolve the entire case or

- 4 -

controversy . . ., but would merely determine a collateral legal issue governing certain aspects of . . . pending or future suits." *Calderone v. Ashmus*, 523 U.S. 740, 747 (1998). AMCO seeks a declaratory judgment as to the validity of a defense the Defendants have raised in the subsequent litigation, the adjudication of which will not finally or conclusively resolve the underlying controversy.  This not a proper use of the a declaratory judgment action. *See MedImmune, Inc. V. Greentech, Inc.*, 549 U.S. 118, 127 (2007). AMCO's amended complaint seeking declaratory judgment, therefore, must be dismissed.

Notwithstanding this Court's finding above, AMCO has failed to satisfy the constitutional case or controversy requirement. In the Third Circuit, to satisfy the constitutional case or controversy requirement an action must present "(1) a legal controversy that is real and not hypothetical; (2) a legal controversy that affects an individual in a concrete manner so as to provide the factual predicates for reasoned adjudication, and (3) legal controversy so as to sharpen the issues for judicial resolution." *Armstrong World Industries, Inc. v. Adams*, 961 F.2d 405, 411 (3d Cir. 1992).

Within the case and controversy doctrine lie several sub-categories of limitations on federal court jurisdiction, including the doctrines of standing, mootness and ripeness. The ripeness doctrine is centrally concerned with preventing "the courts, through the avoidance of premature adjudication, from entangling themselves in abstract disagreements." *Artway v. Attorney General of the State of N.J.*, 81 F.3d 1235, 1246-1247 (3d Cir. 1996). In determining whether a case is ripe, a court  generally looks to: (1) the fitness of the issues for judicial decision and (2) the hardship to the parties of withholding court consideration. *Khodara Env't, Inc. v. Blakey*, 376 F.3d 187, 196 (3d Cir. 2004).  In declaratory judgment actions, the Third Circuit developed a three-prong analysis of the following factors to determine the ripeness[3] of issues raised in a pre-enforcement action: (1) the adversity of the interests of the parties; (2) the

---

[3]     As set forth above, however, even when declaratory actions are ripe, the considerable amount of discretion built into the Act gives a court the power to make a declaration, but does not require that the court exercise that power. *See Step-Saver Data Systems, Inc. v. Wyse Technology*, 912 F.2d 643, 646-647 (3d Cir. 1990).

conclusiveness of the judicial judgment; and (3) the practical help, or utility of that judgment. *Step-Saver Data Systems, Inc. v. Wyse Technology*, 912 F.2d at 647; *see also See Pic-A-State Pa, Inc. v. Reno*, 76 F.3d 1294, 1298 (3d Cir. 1996).

This Court need only focus on the second prong of the analysis. Conclusiveness is a short-hand term for whether a declaratory judgment definitively would decide the parties' rights. See *Step-Saver Data Systems, Inc. v. Wyse Technology*, 912 F.2d at 648. Further, it addresses the extent to which further factual development of the case would facilitate decision, so as to avoid issuing advisory opinions, or whether the question presented is predominantly legal. *NE Hub Partners, L.P. v. CNG Transmission Corp.*, 239 F.3d 333, 344 (3d Cir. 2001)(citing *Travelers Ins. Co. v. Obusek*, 72 F.3d 1148, 1155 (3d Cir. 1995)). "A declaratory judgment granted in the absence of a concrete set of facts would itself be a 'contingency,' and applying it to actual controversies which subsequently arise would be an 'exercise in futility.'" *Armstrong World Indus. v. Adams*, 961 F.2d 405, 412 (3d Cir. 1992) (quoting *Step-Saver Data Systems, Inc. v. Wyse Technology*, 912 F.2d at 648).

Issues which are predominantly legal, however, are particularly "amenable to a conclusive determination in a preenforcement context." *Presbytery of New Jersey v. Florio*, 40 F.3d 1454, 1468 (3d Cir. 1994). When the question is predominantly legal, the need for factual development is not as great given that the court will not be in any better position to answer the question in the future as it is at present. *Khodara Env't, Inc. v. Blakey*, 376 F.3d at 198; *Pic-A-State Pa, Inc. v. Reno*, 76 F.3d at 1300; *Presbytery of New Jersey v. Florio*, 40 F.3d at 1468.

In the instant case, AMCO seeks to bar Defendants' use of the statute of repose as a defense based upon allegations that unlawful construction practices were the proximate cause of the fire that damaged the hotel.  This is not a question that is predominately legal. This Court is unable to fairly and properly resolve the matters at issue here without extensive discovery which must necessarily be undertaken in the underlying tort action.  Because the second prong of the analysis fails, the case is not ripe for adjudication in this declaratory judgment action,



and Defendants' Motion to Dismiss under Rule 12(b)(1) must be granted.

**V.    CONCLUSION**

Based on the foregoing, the motions to dismiss pursuant to Rule 12(b)(1) shall be granted.  An appropriate order follows.

Cercone, J

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **AMCO INSURANCE COMPANY** ) | |
| as Subrogee of STAR HOTELS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 2:09cv381 |
| ) | **Electronic Filing** |
| **EMERY & ASSOCIATES, INC.,** ) | |
| **PREMIER HOSPITALITY GROUP -** ) | |
| **KITTANNING, L.P., GENERAL** ) | |
| **HOSPITALITY, INC., KRATSA** ) | |
| **CORPORATION,** ) | |
| ) | |
| Defendants. ) | |

ORDER OF COURT

AND NOW, this 17th day of March, upon consideration of the Motions to Dismiss

(**Documents Nos. 24 & 26**) filed on behalf of Defendants, Emery & Associates, Inc., Premier

Hospitality Group-Kittanning L.P., General Hospitality Inc. and Kratsa Corporation, and

Plaintiff's response thereto, pursuant to this Court's Memorandum Opinion,

IT IS HEREBY ORDERED that the motions to dismiss are **GRANTED**. Plaintiff's

Amended Complaint is dismissed with prejudice. The Clerk shall mark this case closed.

s/ David Stewart Cercone
David Stewart Cercone
United States District Judge

cc:   Steven L. Smith, Esquire
Law Office of Steven L. Smith, P.C.
404 Harvard Avenue
Swarthmore, PA 19081

Kyle T. McGee, Esquire
Robert A. Arcovio, Esq.
Margolis Edelstein
525 William Penn Place
Suite 3300
Pittsburgh , PA 15219

Paul T. Grater, Esquire
Law Office of Paul T. Grater
Two Gateway Center
Suite 1673
Pittsburgh , PA 15222

- 8 -